# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARRY SWIGER,**

    **Petitioner,**

    v.

                                  **CIVIL ACTION NO. 1:04CV103**
                                  **CRIMINAL ACTION NO. 1:96CR11**
                                  **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On May 26, 2004, the petitioner, Harry Swiger, filed a *pro se* motion pursuant to 28 U.S.C. §2255. This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15. Because it appeared the petitioner' motion may be untimely, the Court issued a notice pursuant to Hill v. Braxton, 277 F.3d 701,707 (4th Cir. 2002) advising the petitioner that his case would be dismissed unless he could show that his motion was timely. On June 17, 2004, the petitioner filed a Response.

### II. FACTS

In December 1996, the petitioner was found guilty by a jury for the Northern District of West Virginia of being a felon in possession of a firearm and two counts of witness tampering. On May 8, 1997, the Court sentenced him to a term of imprisonment of 235 months.

The petitioner filed an appeal from his conviction and sentence. By decision entered January 21, 1999, the petitioner's conviction and sentence were affirmed.

On May 26, 2004, the petitioner filed a §2255 motion alleging that he was provided ineffective assistance of counsel because his attorney failed to properly research his criminal history and find that convictions which were used to warrant an armed career criminal enhancement were not previous convictions.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

If the petitioner pursued direct appellate review but did not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). The prisoner has 90 days to seek review after the court of appeals enters the judgement. Hill v. Braxton, 277 F.3d 701 (4th Cir.

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

2002).

The Court entered the petitioner's Judgment and Commitment Order on May 13, 1997. The petitioner filed a direct appeal and the judgment was entered on January 21, 1999. The petitioner did not file a petition for writ of certiorari. Thus, the petitioner's conviction became final on April 21, 2000, the date the time for filing a petition for writ of certiorari expired. The petitioner had until April 21, 2001 to file a §2255 motion. However, he did not file his motion until May 26, 2004. Thus, his motion is untimely.

However, the AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In response to the Court's Hill v. Braxton Notice, the petitioner argues that the statute of limitations should be equitably tolled because while he was convicted in federal court in May 1997, he was incarcerated in a state facility until March 27, 2003, for a state conviction. The petitioner alleges that during his incarceration in the state penitentiary he "had no access whatsoever to any Federal Law Material making it impossible for Mr. Swiger to file a 2255 motion." He further asserts that he did not receive the transcripts from his case until "Late June 2003" and " that his claim in his §2255 motion is of Actual Innocence."

3

First, the petitioner's ignorance of the law does not toll the statute of limitations. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling).

Further, the alleged inadequacy of the law library does not toll the statute of limitations. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998)( Mere allegations that the law library was inadequate do not toll the statute of limitations.) See also Lewis v. Casey, 518 U.S. 343, 351 (1996)(because inmates have no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's law library or legal assistance program.) But see Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam)( a lack of access to AEDPA materials could be the basis of equitable tolling).

The petitioner's allegation that he "had no access what so ever to any Federal Law Material making it impossible for Mr. Swiger to file a 2255 motion" does not support equitable tolling. He does not allege that he did not know about the one year statute of limitations. Additionally, the undersigned interprets the petitioner's allegation that he needed "Federal Law Material"as meaning he needed such material to determine if he had a claim.

Even if the alleged inadequacy of the law library at the state penitentiary would support equitable tolling, the §2255 motion is still untimely. The petitioner was housed at FCI-Cumberland as of March 27, 2003. Yet, he still did not file his habeas petition until May 26, 2004, more than one year after he was transferred to FCI-Cumberland. The petitioner requests that the Court excuse his untimely filing because he did not obtain his transcripts until "Late June 2003." The petitioner does not state why he did not request the transcripts while he was incarcerated at the state facility.

4

Furthermore, a prisoner's difficulty is obtaining transcripts is not an extraordinary circumstance which justifies equitable tolling because "a prisoner is not entitled to transcripts for the purpose of preparing a § 2255 motion, *see* 28 U.S.C. § 753(f)." Little v. United States, 184 F.Supp.2d 489, 493 (E.D.Va.2002). Moreover, the only ground raised by the petitioner- that his attorney was ineffective regarding his handling of the armed career criminal enhancement - could have been raised without the transcripts.

Lastly, the petitioner's unsupported allegation of actual innocence does not toll the statute of limitations.

Therefore, the undesigned finds that the §2255 motion is untimely and that there are not grounds for equitably tolling the statute of limitations.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion as untimely and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro*

*se* petitioner.


DATED: July 8th, 2005

                                            **/s** *John S. Kaull*
                                            JOHN S. KAULL
                                            UNITED STATES MAGISTRATE JUDGE